## STATE OF IOWA v. ISAAC CLARK, Appellant.

**Construction of Indictment.** An indictment charged that defendant made an assault upon his wife, and did then and there cut her with a razor, "with felonious intent *then and there* to kill and murder her." *Held*, as battery is not essential to the crime charged, the allegation concerning it may be treated as surplusage, and so doing, it is clear that the phrase "then and there," *last used*, refers to the assault; and the indictment is a sufficient charge of assault to murder, under the statutory rule that the indictment shall enable a person of common understanding to know that said charge was intended.

**Cross-Examination: RELEVANCY.** The prosecutrix, in a prosecution of her husband for an assault upon her with intent to commit murder, may not be asked, on cross-examination, as to whether or not she had stated to a certain person that she was going to marry the defendant for the purpose of getting him to build a house for her.

**SAME.** On trial of defendant for assault on his wife with a razor, with intent to kill, where defendant testified that for several hours prior to the occurrence he had been drinking, and had no recollection as to the occurrence, or that he had a razor with him, it was proper cross-examination, for the purpose of impeachment, to ask him if, on the morning following the occurrence, he had stated to a third person that he had borrowed a razor which he used at the time of the assault.

Indorsement on Indictment: WITNESSES IN CONTRADICTION. It is not necessary that the name of a witness for the state, called merely for the purpose of contradiction, should appear indorsed upon the indictment.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

WEDNESDAY, DECEMBER 9, 1896.

THE defendant was indicted, tried, and convicted of an assault with intent to commit murder upon Emma Clark, and sentenced to ten years' imprisonment in the penitentiary. From this judgment the defendant appeals.—*Affirmed.*

*Mackenzie & Dewey* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

GIVEN, J.—I. The first contention of appellant's counsel is that the indictment does not charge that the assault was with the intent to commit murder. Omitting the words immaterial to this inquiry from the charging part of the indictment, we have the charge, as follows: "The said Isaac Clark * * * then and there, with a razor, * * * then and there held in the hands of him, the said Isaac Clark. * * * wilfully, unlawfully, feloniously, and with malice aforethought, did make an assault in and upon the person and body of one Emma Clark, and did then and there wilfully and feloniously, with said razor, * * * cut, wound, and stab the said Emma Clark, * * * with a felonious intent then and there by said Isaac Clark to kill and murder her, the said Emma Clark." It is argued that the intent alleged relates to the battery, and not to the assault; but we do not think the indictment should be so construed.

We think it would be plain to "a person of common understanding" that it was intended to charge that the assault was with intent to commit murder. See Code, section 4305. The allegation that the battery was committed is not essential to the charge of an assault with intent to commit murder, and, if this allegation be omitted, as it may, then, clearly, the intent charged relates to the assault. We think the indictment is sufficient.

II.   The defendant was examined as a witness in his own behalf, and testified at length concerning difficulties between him and his wife, Emma Clark, prior to the time this assault is alleged to have been made. He also testified that he had been drinking during the day preceding that evening, and disclaimed any recollection as to the occurrences that evening with his wife.   Upon cross-examination the state inquired of him at length, and without objection, as to the occurrences of that evening, in which he stated, among other things, as follows: That he did not remember of having a razor at all.   "I remember of seeing her draw the razor after I clinched with her."   The defendant was recalled for further cross-examination, and asked if, on the morning following the occurrences, and in the jail, he had stated, in the presence of a Mr. Moore, that he had borrowed a razor of a friend which he used on that occasion.   The defendant objected, as not proper cross-examination, and now complains that his objection was overruled. We think it was proper cross-examination, as bearing upon the statement of the witness, in chief, that he did not recollect the occurrence of that evening, with his wife.   It was also competent as laying the foundation for impeaching the defendant.   Mr. Moore was called by the state for that purpose, and the defendant objected, because his name did not appear upon the indictment; but it was not necessary that it should so

appear, he being called for the purpose of contradictions only.

III.   Mrs. Emma Clark was examined on behalf of the state, and asked, upon cross-examination, if she had stated to Mrs. Brady that she was about to marry Clark for the purpose of getting him to build a house for her.   The state objected as incompetent, irrelevant, and immaterial, and not proper cross-examination.   The objection was sustained, and of this appellant complains.   We think the matter inquired about was not proper cross-examination, was immaterial to the issues in this case, and, therefore, the objection was properly sustained.   We find no error in this record, prejudicial to the appellant, and the judgment of the district court is, therefore, AFFIRMED.